THE NIAGARA ELEVATING COMPANY, APPELLANT, v. DENNIS McNAMARA, RESPONDENT.

*Collector of taxes — protected by his warrant — entitled to judgment of redelivery of property levied upon, if it be taken from him in replevin, although the tax be illegally imposed.*

A collector of taxes of the city of Buffalo, who shows that property was taken under a warrant, has made out a complete defense to an action for the recovery of such property; and if such property be taken from him in an action of claim and delivery of personal property, he is entitled to judgment for its redelivery to him, and damages for its detention, he having acquired a special property in it by force of the levy.

The plaintiff cannot sustain such action, by showing that the tax, for the collection of which the warrant issued, was illegally imposed.

APPEAL from a judgment of the Special Term of the Superior Court of Buffalo, certified into this court pursuant to the statute.

The action was for the claim and delivery of 7,000 bushels of barley malt, seized by the defendant, a collector of taxes, under a tax warrant issued by the comptroller of the city of Buffalo. The plaintiff reclaimed, and took the malt in this action.

*John Ganson*, for the appellant. Statutes relative to imposition of taxes, are mandatory. (*Van Rensselaer* v. *Witbeck*, 3 Seld., 517; *Cruger* v. *Dougherty*, 43 N. Y., 107, 122; *Whitney* v. *Thomas*, 23 id., 281; *Torrey* v. *Millbury*, 21 Pick., 64, 67; *The Bank of Chemung* v. *The City of Elmira*, 53 N. Y., 49; *The People* v. *Board of Assessors*, 39 id., 81, 84.) A defective warrant does not protect the collector. (*Wright* v.

*Briggs*, 2 Hill, 77; *Hudler* v. *Golden*, 2 Trans. App., 316.) Defendant not entitled to judgment for return of malt. (*Earl* v. *Camp*, 16 Wend., 562; *Dunlap* v. *Hunting*, 2 Denio, 643; *Beach* v. *Botsford*, 1 Douglass [Mich.], 199.)

*George B. Hubbard* and *David F. Day*, for the respondents. The warrant protected the collector. (*The Niagara Elevating Co.* v. *McNamara*, 50 N. Y., 653.) The assessment was regular. (*Am. Trans. Co.* v, *City of Buffalo*, 20 N. Y., 388, *n ; Mayor, etc.*, v. *Mutual Bank*, id., 287.) Presumption that assessors did their duty. (*Boyd* v. *Gray*, 34 How., 323, 327.) Defendant was not bound to look back of his warrant. (*Savacool* v. *Boughton*, 5 Wend., 178 ; *Sheldon* v. *Van Buskirk*, 2 Com., 473; *Chegaray* v. *Jenkins*, 1 Selden, 376; *Patchin* v. *Ritter*, 27 Barb., 34; *Parish* v. *Golden*, 35 N. Y., 462; *Westfall* v. *Preston*, 49 id., 349.) This action is substantially the old action of replevin. (*Rockwell* v. *Saunders*, 19 Barb., 473, 481 ; *Chappel* v. *Skinner*, 6 How., 338, 339; *The N. R. Co.* v. *Carpentier*, 4 Abbott, 47, 51 ; *Nichols* v. *Michael*, 23 N. Y., 264, 268.) This action cannot be maintained. (*The People* v. *The Albany C. P.*, 7 Wend., 485; *O'Reilly* v. *Good*, 42 Barb., 521; *Hudler* v. *Golden*, 36 N. Y., 446.) The remedy was by certiorari. (*The M. B. L. Ins. Co.* v. *Supervisors of N. Y.*, 32 How., 359; *The People* v. *The Assessors*, 39 N. Y., 81; *Swift* v. *City of Poughkeepsie*, 37 id., 511; 43 id., 184; 53 Barb., 223; 56 id., 340; 14 N. Y., 534; 32 How., 359.) Process is good in hands of officer knowing of an error existing. (*Webber* v. *Gay*, 24 Wend., 485 ; *People* v. *Warren*, 5 Hill, 440 ; *Trustees Rochester* v. *Symonds*, 7 Wend., 392, 395 ; *Dominick* v. *Eacker*, 3 Barb., 17; *Johnson* v. *Learn*, 30 id., 616.) Interest on value of property recoverable. (*Suydam* v. *Jenkins*, 3 Sandf., 614; *Rowley* v. *Gibbs*, 14 J. R., 385.)

E. Darwin Smith, J.:

This action was for the claim and delivery of 7,000 bushels of barley malt, which was the property of the plaintiff, and was seized and taken by the defendant, as a collector of taxes, under a tax warrant issued to him by the controller of the city of Buffalo. Annexed to such warrant, was a transcript from the tax-roll of the first

ward of said city for the year 1868, upon which the plaintiff was taxed, under the heading of personal property, in the sum of $5,182. The plaintiff's property was seized under such warrant for the collection of such tax.    The action, which is equivalent to the old action of replevin — which did not lie, as this action also does not, under section 207 of the Code, when the property has been taken for a tax or assessment or fine — was brought by, and delivery claimed upon, the assumption that the tax was illegally imposed, and that the warrant for its collection was void upon its face.    This question has been litigated in this action, through the courts, and has been finally decided in the Court of Appeals against the plaintiff.*

On the trial, under this decision of the Court of Appeals, when the defendant had shown that he was collector of taxes of said city of Buffalo, and took said property under said warrant, which was then produced and given in evidence, he had made out a complete defense to said action.    The plaintiff's counsel then, among other objections to the plaintiff's recovery, which were all disposed of by the decision of the Court of Appeals, insisted further, that the defendant, in any event, was not entitled to a return of the property The learned judge who tried this cause ruled otherwise, and the defendant's counsel duly excepted to such decision.    The decision of the judge upon this point was clearly correct.    He held, that, by force of the levy, the defendant had acquired a special property in the malt, and was entitled to a return of it, with damages for its detention, and, in default thereof, was entitled to recover, as the value or extent of special property, the amount of the said tax, with interest thereon.    This was clearly right.†

The judgment should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

* Vide, 50 New York, 653.
† Howland v. Willetts, 5 Selden, 173; Watson v. Office of Sheriff, 190; Earl v. Camp, 10 Ward, 568.